IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| TINA A. WARREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:10-CV-0645 |
| v. | ) |
| | ) JURY DEMAND |
| JOHN E. POTTER, | ) |
| Postmaster General, and | ) JUDGE CAMPBELL |
| United States Postal Service, | ) |
| | ) <u>JOINT CASE</u> |
| Defendants. | ) <u>MANAGEMENT ORDER</u> |
| | ) |

NOW COMES Plaintiff TINA A. WARREN (the "Plaintiff"), by and through her attorney, Josette M. Chambers, and hereby submits this Joint Case Management Order on behalf of all parties in this case, and states further that all signatories hereto have consented to the filing of the same:

**I. JURISDICTION AND VENUE**

This is an action for retaliation arising under Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e-16(c) as amended by the Civil Rights Act of 1991. Plaintiff contends this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1343(a), and §§ 28 U.S.C. §§ 2201 and 2202; and, that venue is proper in this District under 42 U.S.C. §§ 2000e(5)(f)(3).

**II. PARTIES' THEORIES OF THE CASE**

**A. Plaintiff's Theory of the Case**

Plaintiff, a female, has worked at Defendant United States Postal Service's ("USPS") New Johnsonville facility (the "facility") as a letter carrier since October 2, 1993. At all times relevant to this case, she performed her job duties under the direct

1

supervision of Postmaster Donald McArthur ("McArthur"). Plaintiff contends that McArthur's subjecting her to what evolved into a hostile work environment began in November 2007 when, among other things, he made a lewd comment to her. That behavior was part of a "pattern and practice" engaged in by McArthur as at least four other of his female subordinates at the facility are known to have lodged complaints against him for sexual harassment. After Plaintiff complained to McArthur and his and her superiors, McArthur's overall treatment of her became increasingly hostile and threatening. As a result of the severe emotional distress caused by McArthur's harassment and retaliation, Plaintiff took temporary medical leave from August 2008 to November 2008. USPS, to its credit, also took action by transferring McArthur to another facility. In August 2008, Plaintiff filed Agency Case No. 4H-370-0141-08 addressing the November 2007 incident involving McArthur.

In July 2009, USPS transferred McArthur back to the facility whereupon he immediately recommenced harassing and retaliating against Plaintiff for complaining against him as noted above. This time McArthur's actions extended beyond the immediate workplace. As but <u>one</u> example, during work hours and while conducting work-related business with USPS customer City of New Johnsonville, he made false and disparaging comments about Plaintiff and her work performance and divulged Plaintiff's personal medical information to that municipality's City Recorder and Clerk; those individuals in turn complained to McArthur's superiors about the phone call which they both described as troubling. Plaintiff properly and timely filed Agency Case Nos. 4H-370-0002-10 and 4H-370-0038-10 to address this and other of McArthur's retaliatory

acts against Plaintiff which not only continued but worsened until USPS transferred him from the facility a second time some time after an incident in February 2010[1].

Plaintiff's three Agency cases ultimately were consolidated for resolution at the administrative level under EEOC Case No. 490-2009-00131X. Because no amicable resolution could be reached by the parties, at the behest of ALJ Joy Helprin, Plaintiff caused to be filed a Notice of Voluntary Withdrawal on or around June 10, 2010, in order that the cases be resolved in this federal district court.

Plaintiff contends that McArthur's adverse actions against her, which commenced in 2007 and continued until his last transfer from the facility, were taken solely because she engaged in the protected activity (i.e. complaining informally and formally about his sexual harassment and retaliation) described above. She contends further that those adverse actions materially changed the terms of her employment with USPS, were not trivial, and were done with retaliatory intent. Finally, Plaintiff's damages, which include special damages for severe emotional distress, stem from the defendants' violation of federal laws proscribing retaliation, namely Title VII of the Civil Rights Act of 1964, as amended.

B.   **Defendant's Theory of the Case**

Plaintiff filed three (3) formal EEO complaints in the EEO administrative process: Agency Case Nos. 4H-370-0141-08; 4H-370-0002-10; and, 4H-370-0038-10. Plaintiff claimed in Agency Case No. 4H-370-0141-08 that she was retaliated against after she informally complained of a alleged single incident of sexual harassment, involving a comment, occurring on or about November 7, 2007. Defendant denies that

---

[1] Agency Case No. 4H-370-0038-10 was filed after incidents between Plaintiff and McArthur which occurred in January and February 2010, and which involved, among other things, McArthur's locking Plaintiff out of the facility and calling the police on her.

3

the Postmaster engaged in discrimination and/or retaliatory conduct. Plaintiff failed to exhaust EEO administrative remedies as to Agency Case No. 4H-370-0141-08 since she untimely initiated EEO contact in August 2008. In addition, Plaintiff failed to engage in prior protected EEO activity necessary to support a reprisal claim.

In Agency Case No. 4H-370-0002-10 Complainant claimed she was retaliated against (prior EEO activity) when on September 30, 2009, the Postmaster told her that anyone off the street could case, pull down and carry her route faster than she; she was compared to her substitute carrier during the mail count; she was not given a key to the building; she was not interviewed during an investigation at her office; and, she was given misdelivery alert reports. Defendant denies that the Postmaster engaged in retaliatory conduct. Plaintiff failed to timely file her lawsuit within ninety (90) days of receipt of the final agency decision dismissing Agency Case No. 4H-370-0002-10.

In Agency Case No. 4H-370-0038-10 Complainant alleged that the Postmaster retaliated against her for prior EEO activity when (1) on January 7, 2010, the Postmaster made slanderous statements about her to City Hall employees and (2) on February 13, 2010, after clocking out early she returned to the Post Office and the Postmaster commented "I've got you now" and the police were called. Defendant denies that the Postmaster engaged in retaliatory conduct. Further, Defendant contends that Agency Case No. 4H-370-0038-10 fails to state a retaliation claim.

Plaintiff, who was represented by Counsel throughout the EEO administrative process, failed to exhaust administrative remedies as to compensatory damages in Agency Case No. 4H-370-0002-10 and Agency Case No. 4H-370-0038-10. Since Plaintiff only requested equitable relief in the EEO administrative process as to Agency

Case Nos. 4H-370-0002-10 and 4H-370-0038-10, she is not entitled to compensatory damages or a jury trial as to these claims.

Defendant denies the alleged discrimination claims in their entirety and further asserts that it did not discriminate by retaliation against Plaintiff on any basis.

III. **STATUS OF THE ISSUES PRESENTED**

    A. **Resolved**

        1. The parties agree that Agency Case No. 4H-370-0141-08, filed in August 2008 is untimely.

        2. The parties submit that the issues are: (1) Whether on September 30, 2009, Plaintiff was discriminated by retaliation; (2) Whether on January 7, 2010, Plaintiff was discriminated by retaliation; and (3) Whether on February 13, 2010, Plaintiff was discriminated by retaliation.

    B. **Disputed**

        1. Liability and damages.

IV. **SCHEDULE OF PRETRIAL PROCEEDINGS**

    A. **Initial Disclosures**

Pursuant to that Order entered on September 22, 2010 (Docket Entry No. 13), the parties have exchanged Rule 26 initial disclosures and will be supplemented as necessary. The initial Case Management Conference was held on November 9, 2010.

    B. **Discovery**

All discovery shall be completed by the close of business on April 29, 2011. No motions related to discovery disputes shall be filed prior to the parties making a good faith effort to resolve the discovery issue(s). There shall be no stay of discovery pending disposition of any motions.

By close of business day on March 18, 2011, Plaintiff shall declare to the Defendants (not file with the Court), the identity of her expert witness and provide all information as specified in Rule 26(a)(2)(B).

By close of business day on April 15, 2011, the Defendants shall declare to the Plaintiff (not file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

The parties are discussing how to conduct electronic discovery.

### C. Motions to Amend

Any motion to amend the pleadings or join parties shall be in accordance with the Local and Federal Rules of Civil Procedure.

### D. Dispositive Motions

All dispositive motions shall be filed by the close of business on June 23, 2011, and any response thereto shall be filed within twenty-one (21) days after service. Optional replies shall be filed within fourteen (14) days after service of the response. Briefs shall not exceed twenty-five (25) pages.

E.  **Miscellaneous Deadlines**

At this time, the parties know of no other necessary deadlines.

F.  **Alternative Dispute Resolution**

At this time, the parties have not agreed on any mechanisms for alternative dispute resolution.

G.  **Anticipated Length of Trial**

The parties anticipate that the trial will last three (3) days. The parties suggest a trial date no earlier than November 1, 2011

**It is so ORDERED.**

_____
Honorable Juliet Griffin
United States District Court Magistrate Judge